IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LATONYA HEARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:18-CV-912-CLM |
| | ) |
| **FCA US, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Latonya Heard sues FCA US LLC ("FCA") under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). Heard also asserts state law claims against FCA for negligent design/manufacture, wantonness, failure to warn, and breach of implied warranty. FCA has moved the Court for summary judgment on each claim. (Doc. 33). Upon consideration of the law and the submissions of the parties, the Court **GRANTS** FCA's motion and thus dismisses Heard's complaint, with prejudice.

### FACTUAL BACKGROUND

FCA makes Dodge Ram trucks. In April 2016, Heard was driving a Dodge Ram 3500 when she was struck head-on by another vehicle. The driver-side airbag deployed, and Heard's forearm was broken. Heard underwent surgeries, including a skin graft, to address her injury.

Heard filed a complaint in state court asserting AEMLD, negligence, wantonness, warning, and warranty claims against FCA, the maker of the truck, and Takata, the maker of the airbag.[1] Each of Heard's claims is based upon an alleged defect in the airbag.[2]

FCA removed the case to federal court. Since arriving in this Court, Heard has not submitted any expert disclosures or reports as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Nor did Heard identify any expert witnesses by the deadline set forth in the Court's Scheduling Order. (Doc. 27).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986).

---

[1] Heard initially sued multiple Takata entities. But, in her Second Amended Complaint, Heard dropped all claims against the Takata entities and dropped her punitive damages claims against FCA. (Doc. 22). So, the Court dismissed Heard's claims against the Takata entities and Heard's punitive damages claims against FCA. (Doc. 25).

[2] Heard's Complaint also alleges that the driver's seat and seatbelt of the subject vehicle were defective. (Doc. 5). However, in response to FCA US's interrogatory asking her to state "each component, feature, part, or system that you contend was defectively designed," Heard responded that only the airbag system was defective. (Doc. 33-1). Specifically, Heard responded: "The airbag inflator housing ruptured due to excessive internal pressure, during airbag deployment." *Id*. Nevertheless, insofar as Heard's claims based on a defective driver's seat and seatbelt still exist, those claims fail for the same reasons that Heard's claims based on an allegedly defective airbag fail.

ANALYSIS

Each of Heard's claims is premised on the allegation that the Dodge Ram's driver-side airbag was defective. Each of her claims is due to be dismissed because Alabama law requires expert testimony to prove that an airbag is defective, and Heard failed to present any such expert.

**I. Heard's AEMLD claim is due to be dismissed.**

**A. Heard cannot prove an AEMLD claim.**

To establish liability under the AEMLD, a plaintiff must prove:

> He suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.

*Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132 (Ala. 1976). When the product is "complex and technical," Alabama law ordinarily requires plaintiffs to prove the alleged defect with expert testimony, *see Brooks v. Colonial Chevrolet-Buick*, 579 So. 2d 1328, 1333 (Ala. 1991); *Verchot v. Gen. Motors Corp.*, 812 So. 2d 296, 301 (Ala. 2001), because lay juries lack the knowledge, training, and experience necessary to determine the existence of a defect in a technical product. *Townsend v. Gen. Motors Corp.*, 642 So. 2d 411, 415 (Ala. 1994).

An automobile's airbag system is exactly the type of "complex and technical" product that requires expert testimony to establish the existence of a defect. *See Turner v. DaimlerChrysler Corp.*, No. CIV.A.99-0696-RV-L, 2000 WL 1843601, at *2 (S.D. Ala. Oct. 31, 2000) (granting summary judgment because the plaintiff did not offer expert testimony to prove an alleged defect in her vehicle's airbag system); *Britt v. Chrysler Corp.*, 699 So. 2d 179, 183 (Ala. Civ. App. 1997) (affirming summary judgment on the same grounds and holding "that an airbag system is 'precisely the type of complex and technical commodity that [requires] expert testimony to prove an alleged defect'") (quoting *Brooks*, 579 So. 2d at 1333 (Ala. 1991)).

Heard has failed to offer any expert testimony to prove that the truck's driver-side airbag was defective, which means that she cannot prove her AEMLD claim.[3]

### B. Heard cannot evade the expert testimony requirement.

Heard argues that her failure to offer expert testimony is not fatal to her claims because (in her view) the requisite expert testimony can be replaced by either (1) her own testimony regarding the accident and her injury and/or (2) a recall notice sent by FCA to the owner of the truck Heard was driving.[4] Neither argument has merit.

---

[3] Heard has also failed to offer expert testimony to prove that any of the subject vehicle's other components, parts, or systems were defective within the meaning of AEMLD.

[4] Danny Dobbs, not Heard, owns the Dodge Ram at issue. (Doc. 38-2).

1. <u>Lay witness testimony</u>: Heard argues that expert testimony is unnecessary because she can personally testify "concerning the force with which [her] body collided with … [the allegedly defective] airbag," noting that "the force necessary to break a bone is something that is learned in high school biology." (Doc. 38). The Court disagrees. Due to the complex nature of an automobile airbag system, highly technical testimony is needed to establish that an airbag system is defective. Heard is not qualified to provide such testimony.

As FCA points out in its reply brief, Heard confirmed in her deposition that she is not an engineer; she does not know what chemicals are used to inflate an airbag; and, she does not understand when or how those chemicals "go bad" or become defective. (Doc. 38-2). Heard also has no understanding of the type of injuries airbags are designed to prevent or how airbags prevent such injuries. *Id*. Furthermore, despite alleging that the force from the airbag was "unreasonable," (doc. 38), Heard conceded in her deposition that she does not know how fast the airbag deployed or whether her airbag deployed at a faster rate than any other airbag. (Doc. 38-2).

Well-established law confirms that an injury to a plaintiff, by itself, "does not presuppose the existence of a defect." *Townsend*, 642 So. 2d at 415 (Ala. 1994). Rather, in cases involving allegedly defective automobile airbags, expert testimony is required by the AEMLD to establish the existence of a defect. Because Heard

cannot provide the technical testimony needed to prove a defect in the subject airbag, her lay testimony is an insufficient substitute for the required expert testimony.

2. <u>Recall Notice</u>: FCA sent a recall notice to the owner of the truck before the accident. (Doc. 38-1). Heard argues that this notice alone is sufficient evidence of a defect and thus expert testimony is not required. The Court disagrees.

For starters, the recall notice does not admit a defect in the particular truck Heard was driving; it refers to the possibility of a defect in a large class of vehicles. Specifically, the recall notice states that the airbag inflator in "***certain***" 2004 to 2009 Dodge Ram trucks "***may*** rupture."

> FCA US LLC has decided that a defect, which relates to motor vehicle safety, exists in certain 2004 through 2009 model year Dodge RAM 1500/2500/3500 Pickup, 2004 through 2008 model year Dodge Durango, 2007 through 2008 model year Chrysler Aspen, 2005 through 2010 model year Chrysler 300/Dodge Charger/Dodge Magnum, and 2005 through 2011 model year Dodge Dakota vehicles.
>
> *The problem is...* The driver airbag inflator housing in your vehicle may rupture, due to excessive internal pressure, during normal airbag deployment events. This condition is more likely to occur if your vehicle has been exposed to high levels of absolute humidity for extended periods of time. An inflator rupture, during airbag deployment events, could result in metal fragments striking and potentially seriously injuring the vehicle occupants.

(Doc 38-1) (emphasis added). This is a far cry from an admission of a defect in the truck Heard was driving, at the moment of impact, and thus does not support Heard's contention that "FCA's letter is not one of possibilities, but one in the affirmative- that there is in fact a defect concerning the airbag system." (Doc. 38, p. 5).

Second, and perhaps more importantly, FCA offers expert testimony— uncontradicted by Heard—that the defect described in the recall notice did not exist

in the truck that Heard was driving. (Doc. 33-2) (confirming that the "air bag inflator housing had not ruptured" and "deployed in a normal manner").

Ultimately, the recall notice, without more, does not give rise to a reasonable inference that the airbag in the subject vehicle was defective. *See Hughes v. Stryker Sales Corp.*, No. 08-0655-WS-N, 2010 WL 1961051, at *3 (S.D. Ala. May 13, 2010) (holding that a recall notice referring to the possibility of divergences from company-imposed limits "in some cases" cannot support an inference that any specific device manufactured by the defendant was defective); *Hughes v. Stryker Corp.*, 423 F. App'x 878, 880 (11th Cir. 2011) (affirming summary judgment); *Bishop v. Bombardier, Inc.*, 399 F. Supp. 2d 1372, 1382 (M.D. Ga. 2005) (holding that a recall notice referring to possibility of a defect in a class of products was insufficient to create a genuine fact question that the product at issue was defective); *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004), aff'd, 168 F. App'x 893 (11th Cir. 2006) (holding that a recall notice alone is irrelevant without independent proof that the product at issue suffered from the same defect); *Aleksandrov v. Chevrolet Motor Div.*, 116 F.3d 482 (9th Cir. 1997) (holding that a recall notice stating that some Geo Metros may have hood latch defect was insufficient to create genuine fact question as to whether the defect existed in the particular Metro at issue in the case). Therefore, FCA recall notice—unsupported by

any other evidence—is insufficient to create a jury question regarding the existence of a defect and insufficient to overcome summary judgment.

## II. Heard's Remaining State Law Claims Also Fail.

In addition to her claims under the AEMLD, Heard also asserts claims of negligent design/manufacture, wanton design/manufacture, failure to warn, and breach of implied warranty. Summary judgment is appropriate with respect to each.

1. <u>Breach of warranty</u>: The AEMLD subsumes state-law breach of warranty claims; so, Heard's breach of warranty claims fail for the reasons outlined in Part I of this opinion. *See Yarbrough v. Sears, Roebuck & Co.*, 628 So. 2d 478, 483 (Ala. 1993) (affirming summary judgment on a warranty claim and holding that the issue of whether a product is unreasonably dangerous is not a question properly addressed in a claim alleging breach of warranty, but instead should be raised in a claim under the AEMLD) (citing *Shell v. Union Oil Co.*, 489 So.2d 569, 571 (Ala.1986)). And even if Heard's warranty claim was not subsumed by the AEMLD, it would nevertheless fail because Heard has not provided sufficient evidence to establish the alleged defect. *See Pearl v. Mad Engine, Inc.*, No. 7:12-CV-2850-TMP, 2015 WL 5179517, at *7 (N.D. Ala. Sept. 4, 2015) (holding the plaintiffs' warranty claim failed for the same reason as their AEMLD claim—failure to demonstrate that the product was defective).

2. <u>Negligence, wantonness, and failure to warn</u>: While the AEMLD does not subsume them, Heard's negligence, wantonness, and failure to warn claims all fail for the same reason her AEMLD claim failed: Heard has failed to offer sufficient evidence, including expert testimony, necessary to prove the existence of the alleged defect.

Whether proceeding pursuant to the AEMLD or under common law theories of negligence or wantonness, a plaintiff asserting a products liability claim against a manufacturer must prove that the product at issue was sufficiently unsafe so as to render it defective. *See McMahon v. Yamaha Motor Corp., U.S.A.*, 95 So. 2d 769, 772 (Ala. 2012). As discussed in Part I, Alabama law requires expert testimony to establish a defect with respect to complex or technical products, such as automobile airbags. Due to her lack of evidence, Heard is unable to prove the alleged defect, and thus her negligence and wantonness claims fail as a matter of law. The same holds true with respect to Heard's failure to warn claim. See *Donnelly v. Club Car, Inc.*, 724 So. 2d 25, 28 (Ala. Civ. App. 1998) (holding that the failure to present substantial evidence of a product defect meant that the duty to warn claim must also fail).

## CONCLUSION

Heard cannot provide evidence that, under Alabama law, would allow a reasonable jury to find that she has established the requisite elements of any of her claims. Accordingly, the Court hereby **GRANTS** FCA's motion for summary judgment. The Court will issue a separate order dismissing Heard's complaint, with prejudice.

**DONE** and **ORDERED** this 16th day of March, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE